17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATE of America, Plaintiff-Appellee,
v.
Edward Maurice PACHEKO, Defendant-Appellant.
 No. 93-6191.
 United States Court of Appeals, Tenth Circuit.
 March 9, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Pacheko pled guilty to assault resulting in serious bodily injury, 18 U.S.C. 113(f), 1153 & 2, and was sentenced to forty-one months imprisonment. The assault occurred when the victim declined to reliquish his truck to Mr. Pacheko. While intoxicated, Mr. Pacheko and a juvenile slashed and beat the victim and then stole his wallet.
 
 
 2
 Mr. Pacheko appeals contending that the district court erred in adding cumulative adjustments of ten levels to his base offense level under the aggravated assault guideline, despite the nine-level cap on such adjustments set forth in U.S.S.G 2A2.2(b)(3). He further contends that the evidence will not support the district court's findings concerning specific offense characteristics: he objects to a six-level adjustment where the victim sustains permanent or life-threatening bodily injury, 2A2.2(b)(3)(C), and a four-level adjustment for use of a dangerous weapon (a knife) under 2A2.2(b)(2)(B). Our jurisdiction arises under 28 U.S.C. 1291 and 18 U.S.C. 3742. We remand to the district court for resentencing on the first point; the latter two points concerning the sufficiency of the evidence on the specific offense characteristics are without merit and are rejected.
 
 
 3
 We review the district court's application of the sentencing guidelines de novo; however, its findings of fact are reviewed under the deferential clearly erroneous standard. 18 U.S.C. 3742(e). Mr. Pacheko and the government agree that the district court overlooked the limitation contained in U.S.S.G. 2A2.2(b)(3) which provides "that the cumulative adjustments from [2A2.2(b)(2) & (3) ] shall not exceed 9 levels." The adjustments to Mr. Pacheko's base offense level totaled ten levels. The district court was not apprised of this problem; however, it resulted in a sentence pronounced under the wrong guideline range and therefore constitutes plain error which we may notice. See United States v. Occhipinti, 998 F.2d 791, 801 (1993).
 
 
 4
 Mr. Pacheko next argues that "[t]he evidence in this case may have established serious bodily injury under 2A2.2(b)(3)(B), but it did not establish permanent or life-threatening bodily injury under subsection (b)(3)(C)." Aplt. Br. at 7. This argument overlooks the law and ignores the facts. First, the degree of injury to the victim is a factual matter which Mr. Pacheko did not challenge below in accordance with Fed.R.Crim.P. 32(c)(3)(D); "[a] factual dispute concerning the applicability of a particular guideline, not brought to the attention of the district court, does not rise to the level of plain error." United States v. Saucedo, 950 F.2d 1508, 1518 (10th Cir.1991), cert. denied, 113 S.Ct. 1343 (1993). Second, overwhelming evidence supports the district court's finding that a permanent or life-threatening bodily injury was inflicted upon the victim as those terms are defined in U.S.S.G. 1B1.1, comment. (n.1(h)). The victim suffered a serious loss of blood due to a severed superficial temporal artery and was given two units of blood; his blood pressure was forty over zero upon arrival at the hospital; he surely would have died without medical intervention. II R. 19. Moreover, the victim indicated that he now suffers from frequent headaches and a partially numb ear. III R. 4.
 
 
 5
 Finally, in challenging the four-level enhancement under 2A2.2(b)(2)(B), Mr. Pacheko reminds us that he did not remember using a dangerous weapon (knife) in the attack; rather the injuries to the victim resulted from kicks and blows. I R. doc. 11. Testimony at the sentencing hearing indicated that Mr. Pacheko had threatened another with a knife earlier; the emergency room doctor thought the victim's injuries were caused by a razor or a knife, and several hours after the altercation a witness had seen Mr. Pacheko with a bloody knife. II R. 22-25. The district court's factual finding attributing a knife to Mr. Pacheko is not clearly erroneous.
 
 
 6
 REMANDED for vacation of the original sentence and resentencing in accordance with this order and judgment. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument